UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SBA COMMUNICATIONS CORPORATION,

               Movant,

– against –

FRACTUS, S.A.,

               Cross-Movant.

**OPINION AND ORDER**

19 Misc. 130 (ER)

Ramos, D.J.:

      This dispute arises out of a Rule 45 subpoena that Fractus, S.A. ("Fractus") issued in a patent infringement action pending in the United States District Court for the Eastern District of Texas. *See Fractus, S.A. v. AT&T Mobility, LLC, et al.*, No.2:18-Cv-00135 (JRG) (E.D. Tex.). That lawsuit involves Fractus' claim that an overwhelming majority of the wireless carriers in the market infringed on ten of its patents: U.S. Patent Nos. 6,937,191; 7,250,918; 7,557,768; 7,932,870; 8,228,256; 8,896,493; 9,905,940; 8,497,814; 8,754,824; and 9,450,305. Pending before the Court are the motion of nonparty SBA Communications Corporation ("SBA") to transfer or quash the subpoena and Fractus' cross-motion to compel SBA's compliance with the subpoena. Docs. 1, 3 and 6. For the reasons set forth below, the Court transfers the case to the United States District Court for the Eastern District of Texas.

**I.    BACKGROUND**

      Fractus is a Spanish research and development company and a pioneer in the field of multiband antenna technology. Declaration of Kimberly Perrotta Cole ("Cole Decl."), Doc. 8. Ex 1. at 1. Fractus initiated the underlying patent infringement action on April 9, 2012. Cole Decl. ¶ 2. Fractus alleges that the wireless carrier defendants allegedly use antennas that

incorporated Fractus' patented antenna technology throughout their U.S. networks of base stations. *See generally* Cole Decl. Ex. 1.

SBA leases space on cell phone towers to wireless carriers throughout North, Central and South America. Doc. 1 at 1. SBA has never been named as a defendant in the underlying action. On September 10, 2018, Fractus served a subpoena on SBA that is substantially similar to the subpoena at issue here, but required compliance in the United States District Court for the District of Columbia. *Id*. Ex. C.; *id.* Ex. F. SBA moved to quash that subpoena. *Id*. The parties eventually reached an agreement to withdraw their respective motions and that action was terminated. *Id*. Ex. E. On March 1, 2019, Fractus served the instant subpoena directing SBA to produce at the office of Fractus' New York counsel, information relating to the capacity and costs of SBA's cell phone towers, as well as contractual documents between SBA and the carrier defendants named in the underlying action. *Id*. Ex. A. On March 18, 2019, SBA moved to quash or transfer Fractus' subpoena. Docs. 1, 3. On March 25, 2019, Fractus filed a cross-motion to compel SBA to comply with the subpoena. Doc. 6.

## II.   DISCUSSION

Federal Rule of Civil Procedure 45(f) provides that "when the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Therefore, it is within the discretion of this Court, where compliance is required, to ultimately decide whether to transfer a subpoena-related motion. *See Youtoo Techs., LLC v. Twitter, Inc.*, 17 Misc. 80006 (JSC), 2017 WL 431751 at * 2 (N.D.Cal. Feb. 1, 2017) (internal citation omitted).

Here, SBA is the entity subject to the subpoena and requests that the matter be

transferred. Therefore, pursuant to the unequivocal language of Rule 45, the Court may transfer the parties' motions to the court presiding over the underlying patent litigation.

At the outset, the Court notes that Fractus misstated Rule 45(f) as "allowing transfer based only on party consent or 'exceptional circumstances.'" *Id*. at 1. That is not the standard. The plain language of Rule 45(f), as recited above, mentions only consent by the person subject to the subpoena. Therefore, Fractus' argument that the Eastern District of Texas' familiarity with the underlying litigation does not constitute "exception circumstance[s]" that Rule 45(f) requires is simply misguided. Fractus further contends that the court should exercise its discretion to not transfer the instant action on three bases: (1) that any transfer would necessarily involve extra administrative and/or procedural steps; (2) that there would be no risk of conflicting rulings; and (3) that this Court is presumptively proper to render a decision on the pending motions. *See* Doc. 11. Their arguments are unpersuasive.

Contrary to Fractus' argument, the interests of judicial economy actually weigh in favor of transfer. In Fractus' own words, Rule 45(f) advisory committee's note to 2013 amendment notes that "transfer may be warranted 'in order to avoid disrupting the issuing court's management of the underlying litigation'" even in absence of consent. *Id*. at 3. The underlying patent litigation has been going on for seven years and discovery ended on April 15, 2019. Doc. 7 at 1. The parties are now preparing for trial. Additionally, it appears from Fractus' brief in support of its motion to compel that Fractus had asked for substantially similar information from the carriers in the underlying action to no avail. *Id*. at 9. Therefore, in addition to causing unnecessary delay, there is a real risk that, should this Court exercise its discretion to not transfer the case, the Court's ultimate ruling may conflict with any ruling that the Eastern District of Texas may have made on this particular issue.

3

In any event, transfer of the case is also warranted even in absence of a risk of conflicting rulings. The Advisory Committee explained that Rule 45(f)'s primary objective lies in "avoiding burdens on local nonparties subject to subpoenas," not the issuing party. Here, SBA wants the case transferred to the Eastern District of Texas where the underlying action is pending. Additionally, the Court finds that the Eastern District of Texas is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action. Fractus does not dispute this and admits that "it has full confidence in the Eastern District of Texas and its ability to justly resolve the pending motions." Doc. 11 at 2.

Therefore, guided by the underlying objectives of Rule 45 to "protect persons who are required to assist the court by giving information and evidence," Fed. R. Civ. P. 45 advisory committee's note to 1991 Amendment, and the interests of justice and judicial economy, the Court grants SBA's motion to transfer the case.

## III. CONCLUSION

For the reasons set forth above, SBA's motion to transfer the case is GRANTED. The Clerk of the Court is respectfully directed to transfer this case to the Eastern District of Texas for consideration of SBA's motion to quash and Fractus' cross-motion to compel, terminate the motions, Docs. 1, 3 and 6, and close the case.

It is SO ORDERED.

Dated:   October 3, 2019
           New York, New York

                                                      Edgardo Ramos, U.S.D.J.